# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-667V
Filed: March 11, 2015
UNPUBLISHED

| | |
|---|---|
| * * * * * * * * * * * * <br> MATTHEW KAPLAN, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * | * <br> * <br> * <br> *    Stipulation; Attorneys' Fees & Costs <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*Jeffrey Pop,* Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.
*Ann Martin*, U.S. Dep't. of Justice, Washington, DC, for respondent.

## **DECISION ON ATTORNEY FEES AND COSTS**[1]

**Gowen**, Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision adopting the parties' stipulation on February 4, 2015.  On March 11, 2015, the parties filed a Stipulation of Fact concerning attorneys' fees and costs.  Additionally, pursuant to General Order #9, petitioner's counsel asserted that petitioner's mother incurred $1099.79 in litigation costs on behalf of petitioner in this matter.  Id. at para. 3.

The parties' stipulation indicates that respondent does not object to the amended amount of $11,739.05 in attorneys' fees and costs and petitioner's costs of $1099.79 that petitioner is requesting for attorneys' fees and costs.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

appropriate.  **Accordingly, I hereby award the total $12,838.84[3] as follows:**

- **A lump sum of $11,739.05 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Jeffrey S. Pop, for petitioner's attorneys' fees and costs;** and

- **A lump sum of $1099.79 in the form of a check jointly payable to petitioner, Matthew Kaplan and his mother, Lisa Vernon, for personal litigation costs. Petitioner agrees to endorse the check for $1099.79 to Lisa Vernon for costs she incurred in proceeding with this petition.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).